# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM PINERES, PAUL MAZZONI,
ROBERT MARSHALL VOYLES, DAWN
SALAS,

        **Plaintiffs,**

-vs-              Case No.  6:12-cv-1538-Orl-28KRS

SEAWINDS FUNERAL HOME I, LLC,
JAMES W. YOUNG, JR.,

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS TO PLAINTIFF WILLIAM PINERES AND ENTRY OF AN ORDER OF DISMISSAL (Doc. No. 33)** |
| **FILED:** | **February 27, 2013** |

## I.   PROCEDURAL HISTORY.

    Plaintiffs William Pineres, Paul Mazzoni, Robert Marshall Voyles, and Dawn Salas filed

suit against Defendants Seawinds Funeral Home I, LLC, and James W. Young, Jr., alleging

violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").[1]  Doc. No. 1.

_____

    [1]  The Complaint includes both a count for recovery of unpaid overtime compensation and a count seeking a declaratory judgment that Defendants violated the FLSA.  Doc. No. 1.

Plaintiff Pineres and Defendants now seek approval of their settlement of Pineres's claims and ask that the Court dismiss Pineres's claims against Defendants with prejudice.[2] Doc. No. 33.

## II.    APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353 (citations omitted). In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[3] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a

---

[2] The other Plaintiffs have not, at this time, settled their claims against Defendants.

[3] The Eleventh Circuit's unpublished opinions are cited as persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III.   ANALYSIS.

In his answers to the Court's interrogatories, Pineres averred that he was owed approximately $12,047.18 (representing $6,023.59 in claimed back wages and $6,023.59 in claimed liquidated damages).  Doc. No. 22-1 at 3.  Under the settlement, Pineres will receive $7,500.00 (representing $3,750.00 in alleged back wages and $3,750.00 in alleged liquidated damages).  In addition, Pineres's attorney will receive $3,700.00.  Doc. No. 33-1 at 2.  Therefore, Pineres has compromised his claim.[4]

Pineres and Defendants represent, through counsel, that they have engaged in discovery (including production of pay records and other relevant documentation), that they have shared relevant information pertaining to Pineres's claims and Defendants' defenses via telephone and email, and that their counsel have engaged in two in-person settlement conferences.   Doc. No. 33 at 2.  They also represent that they have voluntarily agreed to settle this case in light of disputes about whether Pineres was entitled to recover unpaid overtime compensation under the FLSA and the uncertainty of the litigation process.  Specifically, Pineres contends that he was entitled to

---

[4] The settlement agreement includes a "Sworn Statement of Wages and Hours Worked," in which Pineres swears and affirms that "by receipt of the settlement funds herein he has been properly and fully paid for all hours worked, including minimum wage and overtime and an agreed upon amount of liquidated damages."  Pineres also states that "he did not work any hours for which he was not properly paid during his employment and pursuant to this Agreement, including payment for payment minimum wages and overtime" and "acknowledges that the primary purpose of the Sworn Statement is to fully and finally resolve all matters between the Parties as it pertains to wages and overtime or any other claim under the Fair Labor Standards Act."  Doc. No. 33-1 at 3.  Emphasizing that the damages Pineres claimed in his answers to the Court's interrogatories were "estimates only," the parties contend that Pineres is, in fact, receiving full recovery and, thus, that the Court need not review the settlement.  However, absent some factual basis explaining the reduction from the damages Pineres claimed in his answers to the Court's interrogatories to the amount of damages paid in the settlement agreement, I recommend that the Court not accept Pineres's "Sworn Statement" as evidence that he is receiving full recovery.  Because it appears that Pineres is, in fact, compromising his FLSA claim, I recommend that the Court proceed accordingly and review the settlement for fairness.

receive overtime compensation during his employment.   Defendants, however, contend that Pineres was exempt from the overtime provisions of the FLSA for part of his employment under the professional exemption and that he was exempt from the overtime provisions of the FLSA for the other part of his employment because he was an independent contractor.  *Id.* at 2-3, 5.  The parties note that, if Defendants' defenses are meritorious, Pineres would recover nothing in this lawsuit and would be liable for Defendants' costs.  *Id.* at 3, 5.  Accordingly, I recommend that the Court find that the parties have adequately disclosed the facts and circumstances underlying the decision to settle Pineres's claims.

Because Pineres has compromised his FLSA claims, the Court must consider whether the payment to his attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Pineres agreed to accept.  Counsel for the parties state in the Joint Motion for Approval of Settlement Agreement as to Plaintiff William Pineres and Entry of an Order of Dismissal that the attorney's fee was separately negotiated from Pineres's recovery.  Doc. No. 33 at 3.  Where the attorney's fees were agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."  *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).  Here, the settlement appears reasonable on its face and there is no reason to believe that Pineres's recovery was adversely affected by the amount of fees paid to his attorney.  Therefore, I recommend that the Court approve this settlement without considering the reasonableness of the attorney's fees.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

## IV.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1.   **FIND** that the settlement between Pineres and Defendants is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2.   **GRANT** the Joint Motion for Approval of Settlement Agreement as to Plaintiff William Pineres and Entry of an Order of Dismissal (Doc. No. 33);

3.   **PROHIBIT** counsel for Pineres from withholding any portion of the $7,500.00 payable to Pineres under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4.   **ORDER** counsel for Pineres to provide a copy of the Court's Order to Pineres; and

5.   **DISMISS** Pineres's claims against Defendants with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 5, 2013.

*Karla R. Spaulding*
—————————————————
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy